UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KIM HYDE-RHODES,<br><br>                    Plaintiff,<br><br>vs.<br><br>JEFFERSON COUNTY,<br><br>                    Defendant. | Case No. 4:20-cv-00597-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Plaintiff Kim Hyde-Rhodes did not submit the filing fee with her civil rights action. It is presumed that she is attempting to proceed in forma pauperis. Therefore, her case is subject to the screening provisions of 28 U.S.C. § 1915. For the reasons that follow, the Court has determined that Petitioner must take financial responsibility for her case and amend her pleadings if she desires to proceed.

## FINANCIAL RESPONSIBILITY

As a prerequisite to maintaining a case in federal court, Petitioner must take financial responsibility for her case by either paying the filing fee of $402 or submitting an in forma pauperis application and prison trust account statement within 14 days after entry of this Order. Failure to do so will result in dismissal of the entire consolidated case

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

without further notice to Plaintiff. The docket reflects that the Clerk of Court has mailed an in forma pauperis application form to Plaintiff.

## SCREENING STANDARD

The Court is required to review complaints filed in forma pauperis to determine whether summary dismissal is appropriate. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(d)(2).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* In other words, although Rule 8 "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). For Plaintiff's purposes, 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a cause of action under the amendments to the United States Constitution.

## REVIEW OF COMPLAINT

Plaintiff sues "Jefferson County" and explains that her "complaint is against the courts, the employees of the courts, the Sheriff's Office, and the other individuals who altered court record[s], made false representations, fabricated record[s], forged signatures, were in contempt of subpoena, and ultimately did not do their job to standard." Dkt. 1, p. 6. Plaintiff has also named two attorneys, Blake G. Hall and Sam L. Angell, who represented either the state or an adverse party in Plaintiff's state court matters.[1]

Plaintiff's claims arise from a Seventh Judicial District Court (Jefferson County) Idaho Child Protective Act case removing her minor sons K.H. and R.H. from her custody under allegedly false child abuse accusations against her. *See* I.C. § 16-1602, *et seq*. That case was initiated by the state of Idaho in 2018 and is ongoing. *See* Dkt 1, p. 8

---

[1] In the amended complaint, all defendants must be listed in the caption heading. In the present complaint, only Jefferson County is named in the caption heading. The two attorneys are listed as defendants in the body of the complaint, but not the caption heading.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

and Exhibit 1. Also pending in the Seventh Judicial District Court (Jefferson County) is a guardianship and conservatorship petition regarding K.H. and R.H. filed by Misty and Michael Welker in 2019.

Upon a review of the Complaint, the Court concludes that Plaintiff has not met the screening standard. She has not stated a claim upon which relief can be granted. She will be given leave to file an amended complaint to add factual information about each of her claims against each of the defendants or to omit claims if she does not have facts to meet the elements of those claims. The Court now explains why her Complaint is deficient and how to amend it.

## 1.    Jefferson County Judges and Court

### A.  Individual Judges

If Plaintiff intends to sue a particular judge who presided over a state court case, she must delineate precisely which acts she considers constitutional violations. A judge is entitled to absolute judicial immunity for monetary damages for all acts performed in the exercise of judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978). Judicial officers are also entitled to absolute immunity from claims for injunctive relief "unless a declaratory decree was violated or declaratory relief [is] unavailable." [2] 42 U.S.C. § 1983.

---

[2] In other words, if declaratory relief in an action is available, absolute judicial immunity bars all claims for injunctive relief in that action. *Kampfer v. Scullin*, 989 F. Supp. 194, 201 (N.D.N.Y. 1997).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

Absolute immunity for judicial officers "is justified and defined by the functions it protects and serves, not by the person to whom it attaches." *Forrester v. White*, 484 U.S. 219, 227 (1988). Once it is determined that a judge was acting in his judicial capacity, absolute immunity applies, "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (internal citations omitted). Indeed, "judicial immunity is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

To determine whether an act is judicial in nature so that absolute judicial immunity applies, a court looks to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Sparkman*, 435 U.S. at 362. For example, even though Plaintiff perceives that a judge may have harmed her or been biased against her, the following acts listed in the Complaint appear covered by judicial immunity and subject to summary dismissal——denying Plaintiff due process of law, allowing inadmissible evidence to be used against her, not giving her an opportunity for a hearing, not allowing her to present audio and video evidence from the police and other hearings, not allowing her to conduct discovery or augment the record, denying her a jury trial, denying her the right to file an appeal, denying her in forma pauperis status, and denying her an attorney or a disability rights advocate. *See* Dkt. 1.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

There are two instances where judicial immunity does not apply. To proceed against a judge, Plaintiff must state facts showing the acts fit into one of the following categories.

First, if Plaintiff complains of acts the judge performed that were *not* a normal part of court proceedings, she must file an amended complaint specifying each act and the reason it should be classified as "nonjudicial in nature." For example, when a judge left the bench and used physical force to evict a person from the courtroom, the Ninth Circuit Court of Appeals held that the judge performed a nonjudicial act. *Gregory v. Thompson*, 500 F.2d 59, 63 (9th Cir. 1974). On the other hand, when a plaintiff alleged that the judge *ordered officers* to forcibly seize and bring plaintiff into the courtroom, judicial immunity applied, because a "judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge." *Mireles*, 502 U.S. at 12.

Second, absolute immunity does not apply when a judge acts "in the clear absence of all jurisdiction." *Stump*, 435 U.S. at 356 (internal citations omitted). When immunity is at issue, the scope of a judge's jurisdiction "must be construed broadly." *Id*. "A judge will not be deprived of immunity because the action he *took was in error, was done maliciously, or was in excess of his authority*." *Id.*

The question of whether a judge acted in excess of his authority in making a judicial ruling is a distinct issue from the question of whether a judge acted in the clear

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

absence of jurisdiction. Even if a judge exceeds his authority in making a judicial ruling in a particular case, that judge is immune if the case is properly before him. *Mireles*, 502 U.S. at 13.

The difference between acting in the absence of jurisdiction and acting in excess of authority is made clear in the following example: "if a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune." *Stump,* 435 U.S. at 357.

In reviewing an allegation that a judge acted in the clear absence of all jurisdiction, the Court considers whether the judge was acting beyond the scope of the subject matter jurisdiction of the court in which he presided. *See Sparkman*, 435 U.S. at 356-57; *Ashelman*, 793 F.2d at 1076. In *Agnew v. Moody*, 330 F.2d 868, 869-70 (9th Cir. 1964), the Ninth Circuit held that, even though a judge erred in striking a defendant's motion for disqualification rather than adjudicating it, the failure did not deprive the judge of subject matter jurisdiction or judicial immunity.[3]

---

[3] Though *Agnew* predates *Stump* and *Ashelman*, its holding is consistent with the reasoning and holdings of these later cases governing judicial immunity.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 7**

In Idaho, the state district courts have original jurisdiction over all cases and proceedings in law and in equity. I.C. § 1-705; Idaho Const. art. V, § 20.

Plaintiff should include plausible allegations that she meets one of the exceptions to absolute judicial immunity, or omit the judges from her amended complaint.

### B. Court Entity

If Plaintiff is suing the Seventh Judicial District Court of Jefferson County as an entity, she cannot proceed on the current pleadings. First, if the county court is construed as a *state* entity, the claim is barred by the Eleventh Amendment. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (recognizing that "whether the Mt. Healthy Board of Education is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity, or is instead to be treated as a municipal corporation or other political subdivision to which the Eleventh Amendment does not extend . . . depends, at least in part, upon the nature of the entity created by state law.").

Second, if the county court is construed as a *county* entity, then Plaintiff must show that the execution of an official policy or unofficial custom inflicted the injury of which she complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). A municipality is not liable for the acts of its employees

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 8**

simply because it is the employer. *Monell*, 436 U.S. at 691 (no respondeat superior liability).

Required elements of a § 1983 policy-based claim against a municipality or entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a custom or policy (which can include training policies); (3) the custom or policy amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the custom policy was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir.1996) (internal quotation marks omitted)).

Plaintiff has not included sufficient facts to state a policy-based claim against the county court. She must allege facts showing that the state actors took the unconstitutional actions *because of* a policy or custom, and not based solely on their own judgment and experience. She may amend or omit these claims, as necessary.

### 2. County and City Municipalities

Plaintiff desires to sue Jefferson County or the city of Rigby—both of which are municipalities. As to each, she must meet the *Monell* policy or custom plausible factual allegation requirements above. If she has insufficient allegations, she should omit these defendants from her amended complaint.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 9**

### 3. Attorneys

Plaintiff appears to be suing Blake G. Hall and Sam L. Angell, who may have acted as attorneys representing the state or an adverse party in one of her state court actions. Plaintiff also asserts that the "prosecuting attorney" did not perform his job to standard and showed fraudulent information" in the Idaho Child Protective Act case regarding custody of her two minor sons. Dkt. 1, p. 6. The attorneys' status as private or government attorneys determines whether they can be sued in a civil right action.

#### A. Private Attorneys

A private attorney, even one appointed by the court, does not act under the color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional role of a private attorney, such as representing a conservatee or minor. *See Polk County v. Dodson*, 454 U.S. 312, 318 n. 7 (1981); *Sutton v. LLewellyn*, 288 F. App'x 411, 412 (9th Cir. 2008)(unpub)(same). Therefore, Plaintiff must omit any private attorney defendants from her amended complaint.

#### B. Prosecutors and Government Attorneys

Like judges, government attorney immunity is also based on the "function" test. Federal appellate courts have repeatedly ruled that a prosecutor is entitled to *absolute quasi-judicial* immunity from liability for damages when the alleged wrongful acts were committed by the prosecutor in the performance of an integral part of the judicial process. *See*, *e.g.*, *Robichaud v. Ronan*, 351 F.2d 533, 536 (9th Cir. 1965); *Imbler v. Pachtman*,

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 10**

424 U.S. 409 (1976). Such tasks include initiating and pursuing a criminal prosecution, *Imbler*, 424 U.S. at 410, preparing and filing charging documents, *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997), and participating in probable cause hearings, *Burns v. Reed*, 500 U.S. 478 (1991). In *Bly-Magee v. California*, 236 F.3d 1014 (9th Cir. 2001), the United States Court of Appeals for the Ninth Circuit extended quasi-judicial immunity to government attorneys defending state actors in civil suits.

For screening purposes, Plaintiff's factual allegations must show that government attorneys performed investigatory or administrative acts that violated her constitutional rights, because only those categories of acts are not barred by quasi-judicial immunity.[4] She must also include the "what, why, where, when, and how" of each allegedly unconstitutional act of each government attorney. Claims against private attorneys, even if they were acting on behalf of the government, should be omitted from the amended complaint.

---

[4] A prosecutor or attorney may have only *qualified* immunity for "performing investigatory or administrative functions, or [when he or she] is essentially functioning as a police officer or detective." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (relying on *Buckley v. Fitzsimmons*). The doctrine of qualified immunity protects state officials from personal liability for on the job conduct so long as the conduct is objectively reasonable and does not violate clearly established federal rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (citations omitted). A qualified immunity analysis consists of two prongs: (1) whether the facts as alleged by plaintiff establish a violation of a constitutional right, and (2) whether that right was clearly established given the state of the law at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009), citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments," and "protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity is best determined at a later stage of proceedings, rather than at screening.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 11**

### 4.  Employees of Courts

Plaintiff sues court clerks and other employees for altering and fabricating court records, forging signatures, and not doing their jobs according "to standard." Dkt. 1, p. 6.

The "function" approach for determining absolute quasi-judicial immunity also applies to court employees who are not judges. The functional approach is narrow; absolute immunity does not always apply to court personnel simply because they are part of the judiciary. *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436–37 (1993). Court employees are entitled to absolute quasi-judicial immunity only for acts that (1) are discretionary (involving analysis and decisionmaking), (2) are taken at the direction of a judge, or (3) are required by court rule. *See id.* (holding that court reporters do not enjoy absolute immunity because they have no discretion in carrying out statutory duties, where the plaintiff alleged the entire transcript was not transcribed); *see Snyder v. Nolen*, 380 F.3d 279, 286–289, 291 (7th Cir. 2004) (per curiam) (finding that the clerk of court who allegedly refused to file inmate's pleadings was not acting in "functionally comparable" way to a judge, but breached the duty to perform the ministerial act of accepting technically sufficient papers; holding that clerk did not enjoy absolute immunity).

Plaintiff must provide additional factual allegations to state the "who, what, when, where, why, and how" of each allegedly wrongful act that each defendant committed. She cannot proceed on the vague claims in the Complaint that are not directed at individual defendants.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 12**

### 5.  Employees of Sheriff's Office

Plaintiff asserts causes of action against unidentified sheriff's office employees. Plaintiff's allegations suggest that she is attempting to state a Fourteenth Amendment claim for violating her right to familial association. *See Zion v. Cnty. of Orange*, 874 F.3d 1072, 1076 (9th Cir. 2017) ("Parents have a Fourteenth Amendment liberty interest in the companionship and society of their children."). The right to familial association is violated where "a state official removes children from their parents without their consent, and without a court order, unless information at the time of the seizure, after reasonable investigation, establishes reasonable cause to believe that the child is in imminent danger of serious bodily injury, and the scope, degree, and duration of the intrusion are reasonably necessary to avert the specific injury at issue." *Keates v. Koile*, 883 F.3d 1228, 1237-38 (9th Cir. 2018).

It is unclear if Plaintiff is alleging that sheriff's office employees or other government  employees wrongfully took her children. As discussed directly above, Plaintiff must provide additional factual allegations to state the "who, what, when, where, why, and how" of each allegedly wrongful act that each defendant committed.

### 6.  Defendants who Allegedly Committed Criminal Conduct

Plaintiff asserts: "I would like the crimes and this case addressed as it was and is a crime." Dkt. 1, p. 7. She also asserts that Defendants have violated 18 U.S.C. § 1001, which applies only to federal judicial employees.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 13**

Plaintiff has no constitutional right to have another person criminally prosecuted. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *Johnson v. Craft*, 673 F.Supp. 191, 193 (D. Miss. 1987) ("The decision to prosecute a particular crime is within the authority of the state, and there appears to be no federal constitutional right to have criminal wrongdoers brought to justice."). These claims should not be included in the amended complaint.

### 7. Prayer for Damages

Plaintiff writes "I have asked for $3,000,000,000.00 (three million dollars) [sic]." Dkt. 1, p. 8. But $3,000,000,000.00 is three *billion* dollars. She can clarify the amount she seeks in her amended complaint.

### 8. Whether Plaintiff's Claims Can or Should be Heard in Federal Court

Plaintiff's claims all seem tied to one or more state court actions related to custody of her minor sons. This subject matter and the procedural posture of the cases requires the Court to determine whether the federal court can or should hear the matters at this time, or at all.

### A. Challenges to State Court Actions that Have Concluded

First, federal courts cannot hear anew claims already adjudicated by the state courts. Whether federal subject matter jurisdiction exists is a question of law. *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990 (9th Cir. 1994). A

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 14**

federal district court has no jurisdiction "over challenges to state-court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983). "This rule applies even though ... the challenge is anchored to alleged deprivations of federally protected due process and equal protection rights." *Id.* at 486 (internal citation omitted). *See also Rooker v. Fidelity Trust Co*., 263 U.S. 413 (1923)(holding that lower United States federal courts may not sit in direct review of state court decisions). Rather, under 28 U.S.C. § 1257, "the proper court in which to obtain such review is the United States Supreme Court." *Worldwide Church of God v. McNair,* 805 F.2d 888, 890 (9th Cir. 1986). This rule of law is known as the "*Rooker-Feldman* doctrine."

The *Rooker-Feldman* doctrine "bars federal courts from exercising subject matter jurisdiction over a proceeding in "which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (citing *Johnson v. De Grandy*, 512, U.S. 997, 1005-06 (1994)). The doctrine bars not only issues heard in the state court action, but "any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision." *Mann*, 415 F.3d at 1042 (citing *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003)).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 15**

Therefore, if any of Plaintiff's claims have already been adjudicated in state court, she should omit them from her federal civil rights complaint.

9. **Federal Causes of Action that Implicate Important State Interests that are Presently Being Adjudicated in State Court**

There is a "a strong federal policy against federal-court interference with pending state judicial proceedings." *Younger v. Harris*, 401 U.S. 37, 43 (1971). Although *Younger* dealt with a federal injunction against a state criminal proceeding, its comity and federalism principles are equally applicable to civil proceedings where important state interests are implicated. *Ohio Civil Rights Commission v. Dayton Christian Schools, Inc*., 477 U.S. 619 (1986).

"Absent extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1) ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *San Remo Hotel v. San Francisco,* 145 F.3d 1095, 1103 (9th Cir. 1998)(citing *Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 712 (9th Cir.1995)). When these criteria are met, a district court must dismiss the federal action, having "no discretion to grant injunctive relief." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 816 n. 22 (1976).

The United States Supreme Court has declared that "[f]amily relations are a traditional area of state concern." *Moore v. Sims*, 442 U.S. 415, 435 (1979). In *Moore,* the Court held that the *Younger* abstention was appropriate in the context of state child removal proceedings based on allegations of child abuse. *Id*. The Court observed that

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 16**

federal abstention is preferred in such cases because of the strong state interest in domestic relations, the superior competence of state courts in settling family disputes, and the possibility of incompatible federal and state court decrees in cases of continuing judicial supervision by the state. *Id.* at 415. *See also Ankenbrandt*, 504 U.S. at 703 ("[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.").

Ninth Circuit precedent is similar. Abstention is appropriate "when the core issue involves the status of parent and child or husband and wife." *Coats v. Woods*, 819 F.2d 236, 237 (9th Cir.) (affirming abstention and dismissal of action challenging ex-spouse's interference with child custody), *cert. denied*, 484 U.S. 802 (1987); *see also Peterson v. Babbitt*, 708 F.2d 465 (9th Cir. 1983) (per curiam) (affirming abstention and dismissal of suit alleging interference with child visitation). Much like Plaintiff's case, in *H.C. v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000), the appellate court held that the *Younger* abstention required the federal court to refrain from interference where a mother filed a federal complaint against the California trial court, state trial court judge, and minor child's guardian ad litem, seeking an injunction ordering the state court and judge to vacate certain child custody orders.

If Plaintiff's claims are still pending before the state courts, then abstention may be appropriate here. Plaintiff's amended complaint should address why the Court should not abstain from hearing her claims based on the considerations above.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 17**

## INSTRUCTIONS FOR AMENDMENT

If Plaintiff chooses to amend the Complaint, she must allege a sufficient causal connection between each defendant's actions and the claimed deprivation of her constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 (a complaint is insufficient if it "tenders naked assertions devoid of further factual enhancement" (punctuation altered)).

An amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon or incorporate by reference prior pleadings. Dist. Idaho Loc. Civ. R. 15.1. An amended pleading completely replaces the original pleading.

Plaintiff will be required to use the following format for her amended complaint. For each claim against each defendant, Plaintiff must state the following (organized by each defendant): (1) the name of the person or entity Plaintiff claims to have caused the alleged deprivation of her constitutional rights; (2) the facts showing that the defendant is a state actor (such as state employment or a state contract) or a private entity/private individual acting under color of state law; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 18**

unconstitutional; (5) the particular provision of the constitution Plaintiff alleges has been violated; (6) facts alleging that the elements of the violation are met; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief she is seeking from each defendant. In addition, Plaintiff shall include plausible facts that meet the *Monell* requirements if Plaintiff desires to sue a county or city entity, as explained above.

This format must be followed for the first defendant and the first claim for relief against that defendant, and then Plaintiff must follow the same format for each different claim for relief against the first defendant. Then Plaintiff must follow the same format for each claim for relief she intends to assert against each additional defendant. An example format might be:

**Defendant 1: Clerk of Court John Doe**

      A.      Access to Courts Violation against John Doe (stating the "what, when, where, why, and how" of the allegedly wrongful act)

      B.      Equal Protection Violation against John Doe (stating the "what, when, where, why, and how" of the allegedly wrongful act)

**Defendant 2: Deputy Sheriff Jane Roe**

      A.      Interference with Familial Relationships against Jane Roe (stating the "what, when, where, why, and how" of the allegedly wrongful act)

      B.      False Arrest against Jane Doe (stating the "what, when, where, why, and how" of the allegedly wrongful act)

(These are merely examples of the format to follow; this is not to suggest that these are viable claims.)

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 19**

At this point, Plaintiff may not know the identity of the persons who allegedly wronged her. Although identifying defendants as "John Doe" is not prohibited, the practice is not favored in federal court. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Here, Plaintiff may designate defendants as "John or Jane Doe" if "(1) the amended complaint identifies each by a job description or title; (2) the amended complaint states the "what, when, where, why, and how" of the allegedly wrongful act of each Doe Defendant; and (3) Plaintiff makes reasonable efforts to learn the names of the unknown defendants before filing the amended complaint. *See, e.g., O'Neal v. Unknown Superamerica Employees*, No. 06–C–40–C, 2006 WL 5925948 (W.D. Wis. Mar. 14, 2006).

If Plaintiff files an amended complaint, she must also file a "Motion to Review the Amended Complaint." If Plaintiff's amendment does not comply with Rule 8 or this Order, this case may be dismissed without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013). If Plaintiff fails to file anything further, her Complaint will be dismissed with prejudice (meaning it cannot be brought again), pursuant to Federal Rule of Civil Procedure 41(b).

## ORDER

**IT IS ORDERED:**

1. If she desires to proceed, Plaintiff must take financial responsibility for her case, as explained above, within **14 days** after entry of this Order.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 20**

2.  Plaintiff must file an amended complaint, together with a motion to review the amended complaint, within **60 days** after entry of this Order.

3.  Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice, but will be reconsidered by the Court if she states an actionable claim in the amended complaint, is granted in forma pauperis status, and meets the standards for appointment of counsel.

4.  Plaintiff is warned that, if she does not file an amended complaint within the time frame specified above, her entire case will be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Plaintiff may, in the alternative, file a notice of voluntary dismissal within **60 days** after entry of this Order.

DATED: January 19, 2021

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 21**